|  |  |  |
|---|---|---|
| BELINDA HINSON | : | |
| v. | : | Civil Action No. DKC 16-0792 |
| MARYLAND TRANSIT ADMINISTRATION (MTA) RAIL, et al. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this negligence case are (1) the motion for summary judgment filed by Defendants Maryland Transit Administration ("MTA") and National Railroad Passenger Corporation ("Amtrak") (collectively, "Defendants") (ECF No. 63); (2) the motion to strike Plaintiff's response filed by Defendants (ECF No. 65); and (3) the motion to allow for late filing filed by Plaintiff Belinda Hinson ("Plaintiff") (ECF No. 66). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to strike will be denied, the motion to allow for late filing will be granted, and the motion for summary judgment will be granted.

## I. Background[1]

On January 23, 2013, Plaintiff took a train operated by Defendants from Baltimore, Maryland, to New Carrolton, Maryland.

---

[1] Unless otherwise noted, the facts outlined here are undisputed and construed in the light most favorable to Plaintiff.

For the ride, she sat on the second deck of the train.  As the train approached New Carrolton, Plaintiff gathered her belongings.  At New Carrolton, she waited for the train to stop and went to the stairs.  Five seconds after the train initially stopped, the train suddenly moved and Plaintiff fell down the stairs. (ECF Nos. 2 ¶¶ 7-8; 64-2, at 3).

Plaintiff filed suit in the Circuit Court for Prince George's County, Maryland, on January 15, 2016.  (ECF No. 2). Defendant Amtrak removed the case to federal court.  (ECF No. 1).  Defendants filed a motion for summary judgment. (ECF No. 63).  Plaintiff responded 21 days later even though Local Rule 105.2.a requires a response be filed within fourteen days.  (ECF No. 64).  Defendants replied and moved to strike the response. (ECF No. 65).  Plaintiff responded to the motion to strike and moved to allow the late filing.  (ECF No. 66).  Defendant replied.  (ECF No. 67).

## II.  Choice of Law & Jurisdiction

Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Congress established Defendant Amtrak as a corporation, and "[f]ederal question jurisdiction exists for congressionally incorporated corporations under 28 U.S.C. § 1331." *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 758 n.1 (7th Cir.

2003);  *In re Rail Collision Near Chase, Md. on Jan. 4, 1987 Litig.*, 680 F.Supp. 728, 730 (D.Md. 1987) (finding federal jurisdiction for Amtrak because of its Congressional charter).[2] Federal question jurisdiction exists because "[e]ven though state law creates [the] cause[] of action . . . [the] right to relief under state law requires resolution of a . . . question of federal law[.]"  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983).

In this situation, the district court applies the substantive law that creates the cause of action.  *Hollus v. Amtrak Ne. Corridor*, 937 F.Supp. 1110, 1114 (D.N.J. 1996) (concluding that New Jersey substantive law applied to a tort action against Amtrak).  Therefore, as this was a negligence suit brought under Maryland law, Maryland substantive law applies.  Maryland law does not, however, govern procedural rules in this court.

**III. Motion for leave for late filing and Motion to Strike**

Plaintiff filed her response to Defendants' motion late. (ECF No. 64).  Defendants moved to strike Plaintiff's late filing.  (ECF No. 65).  Plaintiff then moved to allow for the late filing.  (ECF No. 66).

---

[2] Defendant Amtrak misstates the basis for the court's jurisdiction as 28 U.S.C. § 1349.  (ECF No. 1 ¶ 3).  28 U.S.C. § 1349 acts as a limit on jurisdiction and does not provide any affirmative grant of jurisdiction.

Fed.R.Civ.P. 6(b)(2) governs motions for enlargement of time sought after expiration of the specified time period. The rule provides a district court with discretion to order an extension even after the expiration of a specified time period, but only for "cause shown" and if the failure to act in a timely fashion is the result of "excusable neglect." Fed.R.Civ.P. 6(b)(2). The Supreme Court of the United States defined the meaning of excusable neglect in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), a case dealing with late filings in bankruptcy proceedings. In defining neglect, the Supreme Court reasoned that courts could accept late filings due to inadvertence, mistake or carelessness, and intervening circumstances beyond a party's control. To ascertain whether a delay in filing is excusable, courts must consider "all relevant circumstances surrounding the party's omission." *Id.* at 395.

Here, Plaintiff avers that her delay in filing was due to a mistake about the timeline within which to file a response. (ECF No. 66). This mistake resulted in only a week delay, and Defendants have not alleged any prejudice. Accordingly, Plaintiff's motion to allow for late filing will be granted, and Defendants' motion to strike will be denied.

**IV.  Motion for Summary Judgment**

    **A.    Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  To prevail on a motion for summary judgment, the moving party generally bears the burden of showing that there is no genuine dispute as to any material fact.  *Liberty Lobby*, 477 U.S. at 248-50.  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.  In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also EEOC v. Navy Fed. Credit Union,* 424 F.3d 397, 405 (4th Cir. 2005), but a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F.Supp.2d 373, 375 (D.Md. 2001) (citation omitted).

**B.    Analysis**

"To establish a cause of action in negligence a plaintiff must prove the existence of four elements: a duty owed to him (or to a class of which he is a part), a breach of that duty, a legally cognizable causal relationship between the breach of duty and the harm suffered, and damages." *Jacques v. First Nat. Bank of Md.*, 307 Md. 527, 531 (1986).  Defendants are common carriers.  *See Washington Metro. Area Transit Auth. v. Seymour*, 387 Md. 217, 224 (2005).  Maryland law provides:

> A common carrier is not an insurer of the safety of its passengers, but is bound to employ the highest degree of care for their safety, consistent with the nature of the undertaking. It owes its passengers a duty to deliver them to their destination as expeditiously as possible, consistent with safety.

*Mass Transit Admin. v. Miller*, 271 Md. 256, 259 (1974). Although routinely expressed in these terms, *see, e.g. Todd v. Mass Transit Admin.*, 373 Md. 149, 156-57 (2003), as with any other duty, the requirements of the duty and whether a breach occurred depend on the specific facts and circumstances presented.  *See Seymour*, 387 Md. at 224 ("Thus, when a passenger suffers injury while onboard a common carrier . . . and the passenger thereafter sues the common carrier under a negligence theory, the pivotal question to determine is whether the act of the common carrier . . . under the circumstances, was a negligent act[.]").

6

To establish the element of duty, a plaintiff must introduce evidence to show how a reasonable common carrier would act in the situation that faced the defendant. *See Brooks v. Lewin Realty III, Inc.*, 378 Md. 70, 85 n.5 (2003) ("This is the essence of a negligence action, as 'negligence is a failure to do what the reasonable [person] would do "under the same or similar circumstances."'") (quoting William L. Prosser, *The Law of Torts* § 32 (4th ed. 1971) (alteration in the original)); *Jones v. Balt. Transit Co.*, 211 Md. 423 (1956) (affirming a directed verdict for the defendant, a common carrier, because the plaintiff failed to offer evidence that the defendant acted unreasonably). When presented with a situation that an average person would face in everyday life, then, from the facts of the case, the trier of fact can be expected to determine the appropriate degree of care and whether the defendant failed to use "that caution, attention, or skill a reasonable person would use under similar circumstances." *Chamberlain v. Denny's Inc.*, 166 F.Supp.2d 1064, 1068 (D.Md. 2001). When, however, the situation involves the conduct of a professional and requires knowledge "beyond the ken of the average laymen," then an "expert's testimony is necessary to elucidate the relevant standard for the trier of fact." *Schultz v. Bank of Am., N.A.*, 413 Md. 15, 28 (2010) (internal quotation marks omitted) (concluding that expert testimony was necessary to establish the

standard of care for a bank when allowing an individual to be added to an existing bank account); *see Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 138 F.Supp.2d 695 (D.Md. 2001) (concluding that expert testimony was necessary to determine whether a lawyer had breached the duty to a client in recommending a settlement), *modified by Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F.Supp.2d 676 (D.Md. 2001); *Puppolo v. Adventist Healthcare, Inc.*, 215 Md.App. 517 (2013) (concluding that expert testimony was necessary to determine whether a doctor specializing in the care of hospitalized patients breached the duty to a patient in determining a plan of treatment). If an issue requires expert testimony and a plaintiff fails to introduce expert testimony, then the plaintiff has failed to provide sufficient evidence to establish negligence and the defendant is entitled to judgment as a matter of law. *Rodriguez v. Clarke*, 400 Md. 39, 71 (2007) ("If proof of [the required degree of care] is lacking, 'the court may rule, in its general power to pass upon the sufficiency of the evidence, that there is not sufficient evidence to go the jury.'") (quoting *Fink v. Steele*, 166 Md. 354, 361 (1934)).

"[T]he proper operation of a railroad involves a combination of factors not within the knowledge of the average juryman." *Bridger v. Union Ry. Co.*, 355 F.2d 382, 389 (6th Cir. 1966); *accord Collins ex rel. Kay v. Seaboard Coast Line R.R.*

*Co.*, 675 F.2d 1185, 1195 (11th Cir. 1982). The average juror does not know how to start a train, how to drive a train, or how to stop a train. Likewise, the average juror would not know what causes a train to jerk and what could be done to prevent a sudden movement of the train. Thus, the standard of care – how a reasonably prudent train operator would run a train — requires expertise outside the knowledge of the average juror. Because Plaintiff has failed to introduce sufficient evidence to establish an essential element of her claim, Defendants are entitled to judgment as a matter of law.

A similar conclusion was reached by the United States District Court for the District of Columbia in *Frick v. Amtrak*, 54 F.Supp.3d 1 (D.D.C. 2014). There, a plaintiff sued Amtrak after he was knocked off his feet by a sudden movement of the train. *Id.* at 2. Plaintiff testified that the train had left the station late and appeared to be going faster than usual. The train operator testified that he complied with all applicable laws. In that case, because "the standards governing the operation of train operators are distinctly related to an occupation that is 'beyond the ken of the average layperson,'" the case "present[ed] a clear situation where an expert [was] required to establish the national standard of care." *Id.* at 4 (internal quotation marks and alterations omitted).

In an attempt to avoid the requirements of an expert, Plaintiff points out that Defendants' witnesses, including an engineer, testified that the movement of the train after stopping is a safety issue. (ECF No. 64-1, at 13).[3] Plaintiff also states, in conclusory fashion, "The negligent movement of the train in this case is based on a common-sense safety issue . . . not beyond the ken of the average juror." (*Id.* at 12-13). Plaintiff fails to comprehend the elements she must prove to prevail.

Plaintiff's argument requires inferring from the mere occurrence of an event – the movement of the train – that the Defendants acted negligently. Although likely correct that the average juror would know that the movement of a train is a safety risk, Plaintiff needs to show not only that what happened was potentially dangerous but also that the occurrence was the result of some form of negligent conduct of the Defendants. Without an explanation as to how or why the train moved, the type of explanation an expert would provide, Plaintiff cannot

_____

[3] In their reply, Defendants interpret this as an argument that Plaintiffs could use the Defendants' witnesses as experts to satisfy the requirement of an expert. (ECF No. 65, at 6-9). This does not appear to be Plaintiff's argument. If it were, and even assuming the witnesses could be qualified as experts by Plaintiff, the witnesses would not satisfy the expert requirement because the witnesses did not testify that Defendants' conduct fell below a reasonable standard of care. Rather, they asserted that the train is allowed to move after stopping under the applicable safety standards. (ECF Nos. 63-5, at 10; 63-6, at 14).

show that Defendants' conduct fell below a reasonable level and, therefore, cannot prevail.[4]

Accordingly, Defendants' motion for summary judgment will be granted. (ECF No. 63). Defendants' arguments that Plaintiff was contributorily negligent and assumed the risk do not need to be addressed.

## V.    Conclusion

For the foregoing reasons, the motion for late filing filed by Plaintiff Belinda Hinson will be granted, the motion to strike filed by Defendants MTA and Amtrak will be denied, and the motion for summary judgment filed by Defendants MTA and Amtrak will be granted. A separate order will follow.

       /s/
DEBORAH K. CHASANOW
United States District Judge

---

[4]  Plaintiff never mentions the doctrine of *res ipsa loquitur*. The doctrine allows for a jury to infer negligence from the occurrence of an event, but to invoke *res ipsa loquitur* a plaintiff must show the event is the type that does not ordinarily occur absent negligence. *Gillespie v. Ruby Tuesday, Inc.*, 861 F.Supp.2d 637, 642 (D.Md. 2012). Here, Plaintiff could not invoke *res ipsa loquitur* because she has failed to offer evidence that a train does not readjust in the absence of negligence.